UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN LAUSSER, et al.,                )
                                     )
                Plaintiffs,          )
                                     )
        v.                           )          No. 2:24-cv-00186-JAW
                                     )
ELITE AIRWAY SERVICES, LLC,          )
*d/b/a* ELITE AIRWAYS, et al.,       )
                                     )
                Defendants.          )

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Two former employees moved for default judgment against their former employer for unpaid wages and discriminatory termination. Following the court's preliminary order finding the former employer liable to the former employees and supplemental briefing to clarify damages calculations, the court enters default judgment against the former employer, awarding damages and attorney's fees.

## I.    PROCEDURAL BACKGROUND

The facts of this case are outlined in the Court's August 5, 2025 preliminary order. *Prelim. Order on Mot. for Default J.* (ECF No. 32) at 3-8 (*Prelim. Order*). The Court therefore limits this section to the procedural history relevant to this order.

On May 20, 2024, John Lausser and Deborah Hayes (together, Plaintiffs) filed a complaint in this court against their former employer, Elite Airways, LLC (Elite Airways) and its President John Pearsall (together, Defendants), for unpaid wages and discriminatory termination. *Compl.* (ECF No. 1). Plaintiffs alleged Defendants violated Maine's unpaid wages statute, 26 M.R.S. §§ 626, 626-A (Count I); Maine's minimum wage and overtime law, 26 M.R.S. § 664 (Count II); Federal minimum wage

and overtime law, 29 U.S.C. § 213 (Count III); and Maine's Whistleblower Protection Act, 26 M.R.S. § 833 (Count IV). *Id.* ¶¶ 27-46. Plaintiffs served Defendants on December 20, 2024. *Aff. of Serv. of Summons and Compl.* (ECF No. 12); *Aff. of Serv. of Summons and Compl.* (ECF No. 13). Neither Elite Airways nor Mr. Pearsall filed an answer to Plaintiffs' complaint. No attorney has entered an appearance on either defendant's behalf nor has Mr. Pearsall filed a pro se answer. Nor has either defendant attempted to defend against the allegations in the Plaintiffs' complaint.

Accordingly, Plaintiffs sought default judgment against Defendants. On February 12, 2025, Plaintiffs moved for entry of default, *Pls.' Mot. for Entry of Default* (ECF No. 15), and, on February 13, 2025, the Deputy Clerk of Court entered default against Defendants. *Order Granting Mot. for Entry of Default* (ECF No. 16). On March 31, 2025, Plaintiffs filed a motion for default judgment against both Defendants. *Pls.' Mot. for Default J.* at 11 (ECF No. 19) (*Mot. for Default J.*).

On May 30, 2025, the Court held a hearing on Plaintiffs' motion for default judgment. *Min. Entry* (ECF No. 27). Unfortunately, because the Plaintiffs are proceeding on four different counts, some with overlapping damages, the Court expressed concern at the default judgment hearing that it could not order redundant damages awards on separate counts, and since the Plaintiffs were entitled to one award, not multiple awards on the same damages, the Court requested counsel to address this issue in a post-hearing memorandum. *Prelim. Order* at 1-2. In compliance with the Court's instructions, Plaintiffs filed a post-hearing brief in support of their motion for default judgment and a supplemental affidavit of

Plaintiffs' counsel in support of the petition for attorney's fees. *Suppl. Br. to Determine Damages and Assign Liability* (ECF No. 30) (*Pls.' Suppl. Brief*); *Decl. of Sally Morris in Support of Suppl. Fee Pet.* (ECF No. 31) (*Morris Suppl. Aff.*).

On August 5, 2025, the Court issued a preliminary order, ruling on Defendants' respective liability but requesting further briefing from Plaintiffs on appropriate damages calculations. *Prelim. Order* at 58-59. The Court concluded Plaintiffs sufficiently pleaded a basis for holding Elite Airways liable to both Mr. Lausser and Ms. Hayes on Counts I, II, and IV, as well as holding Elite Airways and Mr. Pearsall jointly and severally liable to Ms. Hayes on Count III. *Id.* at 58. The Court also ordered Plaintiffs to respond to several questions so that the Court could calculate accurately the damages Plaintiffs are owed on each count and avoid double recovery. *Id.* Finally, the Court determined Plaintiffs are entitled to attorney's fees but withheld a final calculation pending resolution of the damages calculations. *Id.* 57. On September 9, 2025, Plaintiffs filed their response to the Court's preliminary order. *Pls.' Resp. to the Questions Presented by the Court in its Prelim. Order on Mot. for Default J.* (ECF No. 37) (*Pls.' Resp.*).

## II.    PLAINTIFFS' DAMAGES CALCULATIONS

In their response to the Court's preliminary order, Plaintiffs clarified that Mr. Lausser seeks damages against only Elite Airways and only as to Counts I and IV and Ms. Hayes seeks damages against both Elite Airways and Mr. Pearsall but only as to Count III. They do not seek recovery under Count II, Plaintiffs explain, because

the same loss for unpaid wages for Mr. Lausser is encompassed in Count I and for Ms. Hayes in Count III.[1] *Pls.' Resp.* at 9-10.

### A. Mr. Lausser's Claim for Damages under Counts I and IV: Violations of Maine's Unpaid Wages Statute and Whistleblower Protection Act, 26 M.R.S. §§ 626, 626-A, 833

On Count I, the Court held Elite Airways violated Maine's unpaid wages statute, codified as 26 M.R.S. §§ 626 and 626-A, by failing to pay Mr. Lausser the wages owed for the period worked between June 2022 and September 2022. *Prelim. Order* at 26. On Count IV, the Court held Elite Airways violated the Maine Whistleblower Protection Act (MWPA), codified as 26 M.R.S. § 833, by firing Mr. Lausser in retaliation for reporting Elite Airway's failure to pay his wages. *Id.* at 39-40. Accordingly, Mr. Lausser avers Elite Airways is liable on Count I for the amount of unpaid wages, liquidated damages, and attorney's fees and costs, *id.* ¶¶ 29, 31; *Pls.' Resp.* at 9-10, and on Count IV for back pay and attorney's fees and costs. *Compl.* ¶ 47; *Pls.' Resp.* at 9-10.

In total, Mr. Lausser seeks $301,243.66 in damages. *Pls.' Resp.* at 10. Plaintiffs calculate this total based on the amounts they aver Mr. Lausser is legally entitled to on Counts I and IV (calculated below) combined with $15,687.96 in prejudgment interest as calculated on September 9, 2025, at an interest rate of 7.81%. *Id.* at 3-4, 10.

---

[1]     In Count II, Plaintiffs allege Elite Airways violated Maine's minimum wage and overtime law, codified as 26 M.R.S. § 664, by willfully failing to pay minimum wage and overtime to each Plaintiff. *Compl.* ¶¶ 33-34. In its preliminary order, the Court found Elite Airways, but not Mr. Pearsall, liable to Plaintiffs on Count II. *Prelim. Order* at 29-31.

On Count I, Plaintiffs claim Elite Airways owes Mr. Lausser $156,275.59 in damages for unpaid wages and health benefits from the period spanning June 16 through September 27, 2022. *Id.* at 1-2. Because the period from June 16 to September 27, 2022, encompasses 15 weeks, Plaintiffs aver Mr. Lausser's bi-weekly salary of $6,667.67 should be multiplied by 7.5, resulting in unpaid wages of $50,007.53. *Id.* at 2. Next, Maine's unpaid wages statute, as enforced under 26 M.R.S. § 626-A, awards liquidated damages in the amount of twice the unpaid wages for an additional $100,015.06. *Id.* Lastly, Mr. Lausser incurred $6,253.00 in out-of-pocket health care expenses during that time. *Id.*

On Count IV, Plaintiffs claim Elite Airways owes Mr. Lausser $132,159.99 in back pay. *Id.* at 8-9. First, Plaintiffs calculate Mr. Lausser is entitled to $80,000.00 in back pay for the six-month period in which he was unemployed, from October 2022 through March 2023. *Id.* at 8. Second, because Mr. Lausser's replacement job pays less than his position at Elite Airways, Plaintiffs aver he is entitled to the difference, which Plaintiffs contend is $52,159.99.[2] *Id.* In his new position, Mr. Lausser earns an annual salary of $133,920.00 ($111,600.00 in salary plus a 20% bonus of $22,320.00). *Id.* Compared to his Elite Airways salary of $160,000, Mr. Lausser

---

[2]    Plaintiffs refer to the $52,159.99 difference in wages as front pay. However, the $52,159.99 loss cannot be considered front pay because the loss accrued before the Court entered default judgment. *See e.g.*, *Pollard v. E.I. du Pont Nemours & Co.*, 532 U.S. 843, 846 (2001) (front pay is "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement"); *Ramos v. Davis & Geck, Inc.*, 167 F.3d 727, 733 (1st Cir. 1999) ("[F]ront pay . . . compensates the plaintiff for the loss of future earnings"). Back pay, in contrast, compensates plaintiffs for lost wages and benefits between the time of the discharge and the trial court's judgment. *Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368, 379 (1st Cir. 2004) (citing Lindemann & Grossman, *Employment Discrimination Law* 635–37 (Cane, Jr. et al. eds., 3d ed.1996)). Thus, the $52,159.99 amount is properly categorized as back pay and the Court refers to it as such in this order.

earns $26,080.00 less in his replacement position annually ($2,173.33 less per month). *Id.* 8-9. Multiplying this difference across the relevant two-year period—from April 2023, when Mr. Lausser secured the replacement position, through March 2025, when Plaintiffs filed their motion for default judgment—yields additional lost wages of $52,159.99. *Id.* at 9. Finally, Plaintiffs ask the Court to calculate additional back pay at the $2,173.33 monthly rate that Mr. Lausser accrues from the date of Plaintiffs' motion until the date the Court issues its final judgment. *Id.*

**B.    Ms. Hayes's Claim for Damages under Count III: Violation of Federal Labor Standards Act, 29 U.S.C. § 216**

On Count III, the Court held both Elite Airways and Mr. Pearsall liable to Ms. Hayes for violating the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, for failing to pay her wages. *Prelim. Order* at 33-35. Accordingly, Ms. Hayes submits Defendants are liable for unpaid wages, liquidated damages, penalties, and attorney's fees and costs under the FLSA. *Mot. for Default J.* at 8; *Pls.' Resp.* at 9-10.

In total, Ms. Hayes seeks $6,254.38 in damages.[3] *Pls.' Resp.* at 10. Plaintiffs calculate this total based on the amounts they aver Ms. Hayes is legally entitled to receive under the FLSA combined with $578.38 in prejudgment interest as calculated on September 9, 2025, at an interest rate of 7.81%. *Id.* 4, 10. At an hourly rate of $7.25, as provided by the FLSA, Plaintiffs calculate Ms. Hayes is entitled to $103.68 for the May 8-10, 2022 trip and $333.14 for the July 11-22, 2022 trip. *Id.* at 6.

---

[3]    The Court notes a discrepancy between Plaintiffs' final calculation of damages and their response to the Court's question about the proper basis for calculating Ms. Hayes's damages under Count III. The Court addresses this discrepancy in the Discussion section of this order. *See* Discussion *infra* Section IV.

Plaintiffs calculate this amount based on the hours Ms. Hayes provided in her affidavit: fourteen hours and nineteen minutes during her May trip and forty-five hours and fifty-seven minutes during her July trip. *Id.* at 5-6; *Decl. of Deborah Hayes in Resp. to the Court's Questions* at 1-3 (ECF No. 38) (*Hayes Aff.*).

## III.   LEGAL STANDARD

Default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Universitas Education, LLC v. Granderson*, 98 F.4th 357, 377 (1st Cir. 2024) (citing FED. R. CIV. P. 55(a)-(b)). "Step one is entry of default under Rule 55(a), which provides that '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.'" *Id.* (citing FED. R. CIV. P. 55(a)) (alterations in original).

"Step two is entry of default judgment under Rule 55(b), which provides that such a judgment can be entered by the clerk, assuming certain conditions are met, and otherwise by the court." *Id.* (citing FED. R. CIV. P. 55(b)). The party "must apply to the court for a default judgment" when the defaulted party is "neither a minor nor an incompetent person" and the movant's claim is not for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b)(1)-(2).

In reviewing a party's motion for default judgment under Rule 55(b)(2), the court "first assesses its jurisdiction and the sufficiency of the Complaint to establish [the defendant]'s liability." *Elektra Ent. Grp., Inc. v. Carter*, 618 F. Supp. 2d 89, 92 (D. Me. 2009). At this stage, the defaulting party "is taken to have conceded the truth

of the factual allegations in the complaint," *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62 (1st Cir. 2002) (quoting *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999)), and the court "may examine" the non-defaulting party's claims, "assum[ing] that all well pleaded factual allegations are true," to determine if the non-defaulting party "alleges a cause of action." *Davis v. Theriault*, No. 1:22-cv-00275-JDL, 2023 U.S. Dist. LEXIS 153902, at *94 (D. Me. Aug. 31, 2023) (quoting *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992) (per curiam)).

Once the Court establishes liability, any request for monetary relief that is not for a sum certain must be supported by proof. *See KPS & Assocs. Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003); *In re The Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002)). The court determines the amount, based on affidavits or other evidence presented by the party seeking default judgment. FED. R. CIV. P. 55(b)(2); *Int'l Union of Operating Eng'rs, Loc. 4 v. Stanley Excavation*, 243 F.R.D. 25, 27 n.5 (D. Me. 2007).

Finally, "Maine law provides that a plaintiff may not receive two damages awards for the same loss." *Giguere v. Port Resources, Inc.*, 927 F.3d 43, 51 (1st Cir. 2019) (citing *Theriault v. Swan*, 558 A.2d 369, 372 (Me. 1989)). Indeed, "the law abhors duplicative recoveries." *Dopp v. HTP Corp.*, 947 F.2d 506, 517 (1st Cir. 1991). Injured parties are "entitled to be made whole—not to be enriched." *Id.* (citing *Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 383 (1st Cir.1991)).

## IV.    DISCUSSION

This order is a continuation of the Court's August 5, 2025 preliminary order. *Prelim. Order.* Consistent with the First Circuit's two-step approach, the Court's preliminary order resolved the Defendants' respective liability, concluding Plaintiffs sufficiently established liability of Elite Airways against both Mr. Lausser and Ms. Hayes on Counts I, II, and IV, as well as joint and several liability of both Defendants against Ms. Hayes on Count III. *Id.* at 24-53. The Court, however, withheld assessing the damages available on the counts proven, until Plaintiffs provided a response clarifying their damages calculations and to avoid impermissible double recovery. The Court also determined Plaintiffs were entitled to attorney's fees but withheld calculation until Plaintiffs filed their response. *Id.* at 57.

The Court reviewed Plaintiffs' response to the questions posed by the Court in its preliminary order and determines Plaintiffs have clarified their position to avoid double recovery. As Plaintiffs explain, Mr. Lausser seeks damages on only Count I for unpaid wages and health benefits, as well as liquidated damages, and seeks only back pay on Count IV, *Pls.' Resp.* at 9-10, while Ms. Hayes seeks damages for unpaid wages and liquidated damages only as to Count III. *Pls.' Resp.* at 9-10.

The Court reviewed Plaintiffs' damages calculations and awards the following damages. The Court also awards Plaintiffs $18,565 in attorney's fees.

| Claimant | Award | Cause of Action | Defendant(s) |
|---|---|---|---|
| John Lausser | $301,475.49 | Count I, 26 M.R.S. §§ 262, 262-A<br>Count IV, 26 M.R.S. § 833 | Elite Airways, LLC |
| Deborah Hayes | $867.84 | Count III - 29 U.S.C. § 216 | Elite Airways, LLC; John Pearsall (joint and several) |

### A.    Mr. Lausser's Damages Calculation

The Court finds Mr. Lausser is entitled to $301,475.49 in damages.  On Count I, the Court finds Elite Airways is liable to Mr. Lausser for $156,275.59 in unpaid wages, health care expenses, and liquidated damages, as well as prejudgment interest at 7.8% as provided by 14 M.R.S. 1602-B.  On Count IV, the Court finds Elite Airways is liable to Mr. Lausser for $145,199.90 in back pay.

### 1.    Count I: Violations of Maine's Unpaid Wages Statute, 26 M.R.S. §§ 626, 626-A

The penalties for violating 26 M.R.S. § 626 are set forth in 26 M.R.S. § 626-A, which provides:

> An employer is liable to the employee or employees for the amount of unpaid wages and health benefits.  Upon a judgment being rendered in favor of any employee or employees, in any action brought to recover unpaid wages or health benefits under this subchapter, such judgment includes, in addition to the unpaid wages or health benefits adjudged to be due, a reasonable rate of interest, costs of suit including a reasonable attorney's fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

26 M.R.S. § 626-A.

First, the Court finds Mr. Lausser is entitled to $56,260.53 in unpaid wages and out-of-pocket expenses.  Taking Mr. Lausser's biweekly paycheck of $6,667.67, *see Lausser Aff.* ¶ 3 (ECF No. 20); *Mot. for Default J.*, Attach. 1, *Earning Statement*, and multiplying it by the 7.5 two-week the period he did not receive a wage while he worked from June 16 until September 27, 2022, Mr. Lausser's unpaid wages amount to $50,007.53.  With the addition of $6,253.00 in out-of-pocket health care expenses, *Lausser Aff.* ¶ 12; *id.*, Attach. 6, *Jackson Dental, Prof. L.L.C. Bill* at 2-3, the total amount of "unpaid wage or health benefits" authorized by statute is $56,260.53.

Further, Mr. Lausser is entitled to liquidated damages in "an additional amount equal to twice the amount of unpaid wages," 26 M.R.S. § 626-A, here representing an amount of $100,015.06 ($50,007.53 doubled). Combined with the $56,260.53 in unpaid wages and out-of-pocket expenses, Mr. Lausser is owed $156,275.59 in unpaid wages, health care expenses, and liquidated damages.

### 2. Count IV: Violations of Maine Whistleblower Protection Act, 26 M.R.S. § 833

On Count IV, the Court finds Elite Airways is liable to Mr. Lausser for $145,199.90 in backpay. This amount is based on two figures: (1) Mr. Lausser's lost income during the six-month period he was unemployed, $80,000, and (2) the difference in income between his Elite Airways salary and the salary he earns in his replacement job between April 2023, when Mr. Lausser secured his replacement job, and the date of this order, $65,199.90.

The Maine Human Rights Act (MHRA) provides for recovery of back pay for the lost income caused by discriminatory termination under the MWPA. 5 M.R.S. § 4613; *Walsh v. Town of Millinocket*, 2011 ME 99, 28 A.3d 610; *accord Angelillo v. Idexx Labs.*, Inc., No. CV-16-371, 2018 Me. Super. LEXIS 64, at *4 (Mar. 29, 2018) ("Remedies available for unlawful discrimination under the MHRA include back pay and front pay to the extent that discrimination has resulted in lost income, injunctive relief in the form of orders to cease and desist, reinstatement in employment, civil penal damages, and attorney's fees") (citing 5 M.R.S. §§ 4613(2)(B)(1), 4613(2)(B)(2), 4613(2)(B)(7), 4614).

The Court agrees with Plaintiffs that Mr. Lausser is entitled to back pay. First, the Court agrees with Plaintiffs that Mr. Lausser is entitled to $80,000 for the six-month period he was unemployed because of Elite Airways discriminatory termination. *Pls.' Resp.* at 8. The Court also accepts Mr. Lausser's representation that his total compensation at his new employer is $133,920.[4] *See Pl.'s Resp.* at 8. Accordingly, the Court determines the difference in Mr. Lausser's salary at Elite Airways ($160,000) and his replacement job ($133,920) is $26,080 annually, or $2,173.33 per month. Mr. Lausser has therefore accrued an additional $65,199,90 in back pay since April 2023 when he secured new employment at a lesser salary. Mr. Lausser's damages on Count IV as to Elite Airways is thus $145,199.90 ($65,199.90 + $80,000).

**B.    Ms. Hayes's Damages Calculation**

The Court determines Elite Airways and Mr. Pearsall are jointly and severally liable to Ms. Hayes for $867.84 in damages on Count III. The Court arrives at this figured based on the unpaid wages during the May 8-10 and July 11-22, 2022 trips Ms. Hayes worked for Elite Airways, $433.92, combined with liquidated damages in an additional equal amount of $433.92.

The FLSA requires covered employees to be compensated at the federally determined minimum wage of $7.25 per hour. 29 U.S.C. § 206. The penalties for

---

[4]    The Court acknowledges some uncertainty about how Mr. Lausser arrived at $133,920, but as it is the figure Mr. Lausser himself proposed, the Court accepts it on the ground that he is in the best position to know how much money he earned. Also, as the other potential figures for income from his replacement job are less and would have resulted in a higher award, any error in Mr. Lausser's calculation would benefit the Defendants.

violating § 206 are provided in 29 U.S.C. § 216, which authorizes damages "in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

As Plaintiffs explain in their response, Ms. Hayes is entitled to federal minimum wage, not her contractual wage.[5] *Id.* at 4-5. Accordingly, Ms. Hayes may collect federal minimum wage for the hours she worked without pay from Elite Airways. On the Court's review of Ms. Hayes's affidavit, her listed hours for May 8-10, 2022, add up to thirteen hours and fifty-four minutes for $100.78 in unpaid wages.[6] *See Hayes Aff.* at 1-2. For her July 11-22, 2022 trip, the Court agrees with Plaintiffs that her hours total to forty-five hours and fifty-seven minutes for $333.14 in unpaid wages. Thus, Ms. Hayes's unpaid wages for her May and July trips are $433.92. Combined with liquidated damages "in an additional equal amount," Elite Airways and Mr. Pearsall are jointly and severally liable to Ms. Hayes on Count III $867.84. 29 U.S.C. § 216(b).

---

[5]    The Court notes the damages total provided by Plaintiffs appears to mistakenly apply her contractual wage, rather than the federal minimum wage, as provided in the FLSA. Plaintiffs calculate Ms. Hayes's unpaid wages from the flights she worked for Elite Airways on May 8-10 and July 11-22, 2022, is $2,838.00. *Id.* at 2-3. For her three-day trip in May, at a contractual rate of $135.00 per day and a $35.00 per diem each day, Plaintiffs calculate $510.00 in unpaid wages. *Id.* at 2. For her twelve-day July trip, Ms. Hayes's pay had increased to $144.00 per day and a $50.00 per diem each day, which Plaintiffs aver somehow adds up to $2,328.00 in unpaid wages. *Id.* at 3.

[6]    Plaintiffs' figure of fourteen hours and nineteen minutes for the May 2022 trip is slightly off. *Pls.' Resp.* at 6. By the Court's estimate, Ms. Hayes's five trips at (1) 35 minutes; (2) three hours and eighteen minutes; (3) two hours and fourteen minutes; (4) two hours and forty-six minutes; and (5) three hours and forty-six minutes sums to thirteen hours and fifty-four minutes. *Hayes Aff.* at 1-2.

### C.    Pre- and Post-judgment Interest

The Court awards Plaintiffs pre- and post-judgment interest to be calculate in accordance with the terms of this judgment.  As explained below, Mr. Lausser is entitled to prejudgment interest on his damages awards under Counts I and II, including attorney's fees, at a rate of 7.8% beginning May 20, 2024, through the date of this judgment.  Mr. Lausser and Ms. Hayes are also entitled to a 3.66% post-judgment interest rate on each of their damages awards.

In diversity actions, state law determines the rate of prejudgment interest, while federal law governs post-judgment interest.  *John Hancock Life Insurance Company v. Abbott Laboratories*, 863 F.3d 23, 49 (1st Cir. 2017) (citing *Vázquez-Filippetti v. Cooperativa de Seguros Múltiples de P.R.*, 723 F.3d 24, 28 (1st Cir. 2013); *See also* 28 U.S.C. § 1961(a).  Federal law establishes when post-judgment interest begins to accrue and when prejudgment interest ceases to accrue. *Id.* (collecting cases).  Section 1961(a) states that post-judgment interest "shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).

#### 1.    Pre-judgment Interest

"In a diversity action . . . state law must be applied in determining whether and how much pre-judgment interest should be awarded."  *Saint–Gobain Indus. Ceramics Inc. v. Wellons*, Inc., 246 F.3d 64, 69 n. 1 (1st Cir. 2001) (citation and internal quotation marks omitted).  Under Maine law, prejudgment interest is available pursuant to statute. *See* 14 M.R.S.A. § 1602-B(1)-(3).  A prevailing party is entitled to prejudgment interest "as a matter of right," *Brown v. Habrle*, 2010 ME 72,

¶ 12, 1 A.3d 401, and Maine law has a presumption in favor of such awards. *Kaplan v. First Hartford Corp.*, 671 F. Supp. 2d 187, 194 (D. Me. 2009).

Importantly, prejudgment interest can accrue on two dates. 14 M.R.S.A. § 1602-B(5). Prejudgment interest may accrue when a "notice of claim setting forth under oath the cause of action" is "served personally or by registered or certified mail upon the defendant until the date on which an order of judgment is entered." *Id.* (emphasis added). Or, "[i]f a notice of claim has not been given to the defendant," prejudgment interest may accrue on the date the complaint is filed. *Id.* Because Plaintiffs did not file a notice of claim, the Court agrees with Plaintiffs that their prejudgment interest began to accrue when they filed their complaint on May 20, 2024. *Pls.' Resp.* at 3.

With respect to prejudgment interest on their Maine state law claims, Counts I and IV, Plaintiffs concede that the Law Court's decision in *Avery v. Kennebec Millwork, Inc.*, is instructive. 2004 ME 147, 861 A.2d 634; *Pls.' Resp.* at 3-4. The *Avery* Court determined 14 M.R.S. § 1602-B, which generally governs prejudgment interest in civil cases, including damage awards for unpaid wages under 26 M.R.S. § 626, provides prejudgment interest "at the one-year United States Treasury bill rate plus 3%." *Id.* at ¶ 7 (citing 14 M.R.S. § 1602-B(3)). Moreover, Plaintiffs are correct to include Mr. Lausser's liquidated damages total in their prejudgment interest calculation. *Pls.' Resp.* at 3-4; *See Dinan v. Alpha Networks, Inc.*, 764 F.3d 64 (1st Cir. 2014) (interpreting *Avery* "to have presumed that in a wage payment

action interest is calculated under § 1602-B based on the entire judgment, including *all damages*") (emphasis supplied).

Under Maine law the "one-year United States Treasury bill rate" is calculated by taking "the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which prejudgment interest begins to accrue." 14 M.R.S. § 1602-B(3)(A); *Estes v. Pineland Farms, Inc.*, No. 2:10-cv-00347-MJK, 2012 U.S. Dist. LEXIS 76309, at *18 (D. Me. June 1, 2012) (citing *Avery*, 2004 ME 147, ¶¶ 6-8, 861 A.2d 634). For cases in which a notice of claim has not been served personally or by registered or certified mail, "prejudgment interest accrues from the date on which the complaint is filed." 14 M.R.S. § 1602-B(5). Because Plaintiffs did not serve a notice of claim, prejudgment interest began to run on May 20, 2024. *Pls.' Resp.* at 3.

Accordingly, the allowable interest rate is calculated based on the weekly average United States Treasury bill rate for the last full week of December 2023, which is 4.8%.[7] 14 M.R.S. § 1602-B(3). Adding the 3% permitted by statute, sets the allowable prejudgment interest rate in this case at 7.8%. Accordingly, Mr. Lausser is entitled to prejudgment interest on his $156,275.59 damages award at a rate of 7.8% from the date the complaint was filed, May 20, 2024, through the date of this

---

[7]    4.82% on December 26; 4.78% on December 27; 4.82% on December 28; and 4.79% on December 29.[7] *See Daily Treasury Bill Rates*, United States Dep't of the Treasury, https://home.treasury.gov/policy-issues/financing-the-government/interest-rate-statistics (last visited November 4, 2025) (click "Daily Treasury Bill Rates"; then choose "Daily Treasury Bill Rates" and "2023" from dropdown; then click "Apply").

order. With respect to Ms. Hayes's damages award under Count III, the Court cannot award prejudgment interest. Prejudgment interest is not available in actions under the FLSA when the claimant receives liquidated damages under 29 U.S.C. § 216(b). *See Lupien v. City of Marlborough*, 387 F.3d 83, 90 (1st Cir.2004) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715-16 (1945)); *Gonpo v. Sonam's Stonewalls & Art, LLC*, No. 16-40138-MGM, 2021 U.S. Dist. LEXIS 88853, at *4 (D. Me. Apr. 1, 2021) (same).

### 2.      Post-judgment Interest

Plaintiffs' post-judgment interest rate for each of their damages awards is 3.66%. For federal claims, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Accordingly, the allowable post-judgment interest rate is calculated based on the weekly average United States Treasury bill rate for the week of October 27-31, 2025, which is 3.66%.[8] *Id.* Plaintiffs are therefore entitled to post-judgment interest on their damages awards at an interest rate of 3.66% beginning on the date of this Court's judgment.

---

[8]      3.60% on October 27; 3.59% on October 28; 3.70% on October 29; 3.70% on October 30; and 3.71% on October 31. *See Daily Treasury Bill Rates*, United States Dep't of the Treasury, https://home.treasury.gov/policy-issues/financing-the-government/interest-rate-statistics (last visited November 4, 2025) (click "Daily Treasury Bill Rates"; then choose "Daily Treasury Bill Rates" and "2025" from dropdown; then click "Apply").

### D.    Attorney's Fees

The Court awards Plaintiffs $18,565 in attorney's fees.    As the Court's preliminary order explained, Plaintiffs are entitled to recover attorney's fees under each statute giving rise to their causes of action. *Prelim. Order* at 53-57.    To calculate reasonable attorney's fees, courts apply the lodestar method, which multiplies counsel's hourly rate by the hours counsel spent on the case. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).    Counsel must provide their hourly rate and a description of the work completed. *See Hutchinson ex rel. v. Patrick*, 636 F.3d 1,15 (1st Cir. 2011).

Attorney Morris has submitted two affidavits and corresponding invoices setting forth an hourly rate of $300 per hour and the hours she has committed to this matter for a total of $18,565 in attorney's fees.    First, on March 31, 2025, Attorney Morris submitted an affidavit and attached invoice for attorney's fees in the amount of $9,565. *Decl. of Sally Morris in Supp. of Fee Pet.* (ECF No. 22), Attach. 1, *Invoice*. Second, on June 13, 2025, Attorney Morris submitted a second affidavit and attached an invoice setting forth $9,000 in additional fees for the work she completed since her March 31, 2025 filing. *Morris Suppl. Aff.*, Attach. 1, *Ex. 1 Invoice*.

Because Plaintiffs are entitled to attorney's fees on all counts, the court awards prejudgment interest at the Maine state law rate of 7.8%, pursuant to 14 M.R.S. §1602-B, and post-judgment at the federal rate of 3.66%, pursuant to 28 U.S.C. 1961(a). *See Abbott Laboratories*, 863 F.3d at 49.

## V.    CONCLUSION

In sum, the Court enters default judgment against Elite Airways, LLC and John Pearsall in favor of Plaintiffs in the amount of damages as follows.

| Claimant | Award | Prejudgment Interest (accruing on 5/20/24) | Post-Judgment Interest | Defendant(s) |
| --- | --- | --- | --- | --- |
| John Lausser | $301,475.49 | 7.8% | 3.66% | Elite Airways, LLC |
| Deborah Hayes | $867.84 | N/A | 3.66% | Elite Airways, LLC; John Pearsall (joint and several) |

The Court also awards $18,565 in attorney's fees against both Elite Airways, LLC and John Pearsall at a prejudgment interest rate of 7.8% (accruing May 20, 2024, through the date of this judgment) and post-judgment interest of 3.66% (beginning to accrue on the date of this judgment).

The Court ORDERS the Clerk of the Court to enter judgment against Elite Airways, LLC in favor of John Lausser in the amount of $301,475.49, to enter judgment against Elite Airway, LLC and John Pearsall, jointly and severally, in favor of Deborah Hayes in the amount of $867.84, and to enter judgment for attorney's fees in favor of John Lausser and Deborah Hayes against Elite Airways, LLC and John Pearsall, jointly and severally, in the amount of $18,565.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2025